No. 52,432-CA

CONCURRENCE IN THE DENIAL OF REHEARING
RENDERED ON AUGUST 27, 2019

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

AGRIFUND, LLC                                    Plaintiff-Appellant

versus

RADAR RIDGE PLANTING CO.,                        Defendants-Appellees
INC. AND THOMAS A.
DICKERSON

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. 45037

Honorable Glen Wade Strong (*Pro Tempore*), Judge

* * * * *

BREITHAUPT, DUBOS, & WOLLESON, LLC    Counsel for Appellant
By: Robert Alan Breithaupt
    Michael Lee DuBos
    James R. Close
    Jared S. Scheinuk

MIXON, CARROLL & FRAZIER, PLLC         Counsel for Appellee
By: James E. Mixon                     Caldwell Bank & Trust
    James L. Carroll                   Company
    Rossanna R. McIlwain

LAW OFFICE OF BRIAN E. CRAWFORD     Counsel for Appellee
By: Brian E. Crawford                              Franklin State Bank &
                                                                Trust Company


PETTIETE, ARMAND, DUNKELMAN     Counsel for Appellee
WOODLEY, BYRD, & CROMWELL, L.L.P.     Commercial Capital
By: Joseph S. Woodley                              Bank


COOK, YANCEY, KING, & GALLOWAY     Counsel for Appellee
By: Bernard S. Johnson                           Clark A. McCain
      Lisa Conly Cronin


SMITH & ASSOCIATES                            Counsel for Appellee
By: Leroy Smith, Jr.                                 Danny A. Dickerson


HAMMONDS, SILLS, ADKINS, & GUICE     Counsel for Appellee
By: Jon Keith Guice                                 Brian Wilson
      Justin N. Myers
      Linda K. Ewbank


FRILOT, LLC                                           Counsel for Appellees
By: David S. Daly                                    David S. Stephens,
      Elliot M. Lonker                              Lawrence W. Pickett, Jr.,
                                                                and Lawrence W.
                                                                Pickett, Jr., APAC


SAMUEL T. SINGER                            Counsel for Appellee
                                                                Franklin State Bank &
                                                                Trust Company


MICHAEL E. KRAMER                         Counsel for Appellee
                                                                Franklin State Bank &
                                                                Trust Company

* * * * *


Before PITMAN, GARRETT, STONE, COX, and McCALLUM, JJ.

**GARRETT, J., would deny rehearing.**

I vote to deny all of the applications for rehearing, but write separately to clarify the majority opinion and to respectfully address some of the incorrect reasoning and misapprehensions of the law applied in the dissent and in some of the applications for rehearing.

The dissent claims that the majority erred in finding a cause of action against the defendant banks for conversion, applied a common law strict liability standard, and made available a cause of action for common law conversion to secured creditors with non-possessory, non-ownership security interests in the property converted. In support of its argument, the dissent points to only a portion of the various decisions cited by the majority on the law of conversion. The majority opinion contained a full discussion of the applicable law, including the standard set forth in *Dual Drilling Co. v. Mills Equip. Investments, Inc.*, *supra*, relied upon so heavily by the dissent. It is also interesting to note that the law set forth in *Louisiana State Bar Ass'n v. Hinrichs*, *supra*, which was severely criticized in the dissent, was subsequently cited in numerous other cases including *Deposit Guar. Nat. Bank v. Cent. Louisiana Grain Co-op., Inc.*, *supra*, in which the Louisiana Supreme Court denied a writ application after its decision in *Dual Drilling Co. v. Mills Equip. Investments, Inc.*, *supra*.

To be clear, the majority opinion should not be interpreted to find that a cause of action for conversion could exist absent allegations of negligence on the part of a defendant. In maintaining that Agrifund failed to state a cause of action against the banks for conversion, the dissent completely ignores all of the lengthy allegations which, if proven, would establish

negligence on the part of the banks.[1]  These allegations describe in great detail the large sums of money flowing in and out of accounts at the three rural banks, which routinely engaged in agricultural loans; the active involvement on the part of bank officers and employees; the failure to abide by banking rules and regulations; and the improper action by the banks in receiving, diverting, and converting to their own use the funds derived from the sale of crops secured by Agrifund's loans and UCC security interest. Agrifund also alleged that the defendants acted in bad faith.  The allegations in Agrifund's petitions sufficiently alleged that the banks were at fault because they knew, or should have known, in the exercise of due care, that something was amiss.  It is clear that Agrifund's petitions allege negligence on the part of the banks sufficient to support a cause of action for conversion.

The dissent next contends that the majority makes a conversion action available to a secured creditor with a non-possessory, non-ownership security interest in the property converted.  The arguments set forth in the dissent exhibit a misunderstanding of the principles of the UCC.  The dissent criticizes the majority's reliance upon UCC Comment Two to La. R.S. 10:9-315, stating that it is not specific to Louisiana law and is a comment to the "generic" UCC.  The dissent fails to recognize that La. R.S. 10:9-315 is a portion of the adoption of the UCC into the law of this state.  The comment is relevant to interpretation and application of that provision of Louisiana law enacted by the legislature.

---

[1] Without copying all of the allegations, the following nonexclusive list of paragraphs from the petitions is referenced as a sampling of the myriad of allegations made in this case:  84, 85, 96, 113, 197, 207, 208, 209, 210, 211, 212, 213, 215, 216, 217, 226, 227, 228, 229, and 230.

Again, it is important to note that the only issue before the court is whether Agrifund has stated a cause of action against the various defendants. The question is not whether Agrifund will be successful in proving its cause of action. The dissent engages in a lengthy forensic analysis and factfinding mission which is inappropriate in deciding an exception of no cause of action. Footnote four of the dissent vividly illustrates this shortcoming. The dissent outlines some of the allegations in Agrifund's petitions and states that certain allegations are "without merit." Such a determination cannot be made on the bare allegations of the petitions.